O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| M. AILEEN MORNINGSTAR and ALICE SLETTEDAHL, Derivatively on Behalf of Nominal Defendant RINO INTERNATIONAL CORPORATION, | ) ) ) ) ) ) | Case No. CV 11-00655 DDP (VBKx) **ORDER RE: TRANSFER TO DISTRICT OF NEVADA** |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| ZOU DEJUN, KENNITH C. JOHNSON, QUAN XIE, BEN WANG, LI YU, BRUCE RICHARDSON, YI LIU, ZHANG WEIGUO and RINO INTERNATIONAL CORPORATION, | ) ) ) ) ) ) | [Dkt. No. 90] |
| Defendants. | ) ) | |

Presently before the court is Nominal Defendant RINO International Corportation's Motion to Stay this shareholder derivative action.

This case is one of four shareholder derivative suits filed on behalf of RINO. This is the second such action filed in federal court. The first (the "Nevada Action") was filed in the District

of Nevada on December 20, 2010, approximately one month before this case was initiated.[1]

Defendants Zou Dejun and Qiu Jianping recently sold two California houses to help fund the settlement of a related shareholder class action in this court. (Declaration of Robin Winchester ¶ 36.) Plaintiffs in this case believe that the home sales yielded an excess of approximately $2.4 million. (Id. ¶ 37.) Plaintiffs have sought discovery regarding these assets, and intend to seek to establish a constructive trust over the $2.4 million. (Id. ¶ 49.)

In the meantime, the Nevada Action has proceeded, and may soon settle. The parties to the Nevada Action moved for preliminary settlement approval in November 2012. The parties here appear to agree that final approval of the proposed settlement in the Nevada Action will extinguish Plaintiffs' claims in this case.

The court in the Nevada Action has yet to rule on the pending motion for preliminary approval. Even if the court does preliminarily approve the settlement, Plaintiffs here intend to object to the settlement in the Nevada Action at the final approval stage.

The "first-to-file" rule "permits this court to decline jurisdiction when a complaint involving the same parties and issues has already been filed in another district." Apple Inc. v. Psystar, 658 F.3d 1150, 1161 (9th Cir. 2011) (quotation and citation omitted). In such cases, this court may, in its discretion, stay, transfer, or dismiss the later-filed suit.

---

[1] The Nevada suit is In re RINO International Derivative Litigation, No. 10-cv-2209-MMD-GWF.

2

<u>Cedars-Sinai Med. Center v. Shalala</u>, 125 F.3d 765, 769 (9th Cir. 1997). The rule promotes judicial efficiency and reduces the risk of inconsistent decisions. <u>Alltrade, Inc. v. Uniweld Prods., Inc.</u>, 946 F.2d 622, 625 (9th Cir. 1991); <u>Meru Networks, Inc. v. Extricom Ltd.</u>, No. C-10-2021 RMW, 2010 WL 346315 at *3 (N.D. Cal. Aug. 31, 2010). Threshold factors include 1) the chronology of the actions, 2) the similarity of the parties, and 3) the similarity of the issues. <u>Alltrade</u>, 946 F.2d at 625.

All three factors here weigh in favor of transfer to the District of Nevada. The chronology and similarity of issues are not in dispute. Though Plaintiffs argue that there is one defendant in this case who is not named in the Nevada Action, the parties in the two actions need only be substantially similar for the first-to-file rule to apply. <u>Nat'l Union Fire Ins. Co. of Pittsburgh v. Payless Shoesource, Inc.</u>, No. C-11-1892 EMC, 2012 WL 3277222 at *3 (N.D. Cal. Aug. 9, 2012).

Accordingly, Defendant's motion is, for all intents and purposes, GRANTED. Rather than stay this case, however, the court transfers this matter to the District of Nevada.[2]

IT IS SO ORDERED.

Dated: March 12, 2013

DEAN D. PREGERSON
United States District Judge

---

[2] Whether this case should be consolidated, the role of Plaintiffs' present counsel, and whether to establish a constructive trust over any Defendant's assets are issues best left to the Nevada court.

3