1
2
3
4          **UNITED STATES DISTRICT COURT**
5          **DISTRICT OF NEVADA**
6
7   M. AILEEN MORNINGSTAR and ALICE            )
    SLETTEDAHL, Derivatively on Behalf of      )     Case No.  2:13-cv-00427-JCM-GWF
8   Nominal Defendant RINO INTERNATIONAL       )
    CORPORATION,                               )
9                                              )
                   Plaintiffs,                 )
10                                             )
    vs.                                        )     **ORDER**
11                                             )
    QIU JIANPING, *et al.*,                    )     **Motion to Expedited Discovery –**
12                                             )     **#100**
                   Defendants,                 )
13                                             )
    and                                        )
14                                             )
    RINO INTERNATIONAL CORPORATION,            )
15                                             )
    Nomianl Defendant.                         )
16  _____)

17          This matter is before the Court on Plaintiffs' Motion for Expedited Discovery (#100), filed

18  on March 11, 2013; Defendants Dejun Zou and Jianping Qiu's Response to Motion for Expedited

19  Discovery (#110), filed on March 28, 2013; and Plaintiffs' Reply in Support of Motion for

20  Expedited Discovery (#111), filed on April 4, 2013.

21                          **BACKGROUND AND DISCUSSION**

22          This action was transferred from the United States District Court for the Central District of

23  California pursuant to Order (#103) entered by District Judge Pregerson on March 12, 2013.  As

24  stated in Judge Pregerson's order:

25          This case is one of four shareholder derivative suits filed on behalf of
            RINO.  This is the second such action filed in federal court.   The
26          first (the "Nevada Action") was filed in the District of Nevada on
            December 20, 2010, approximately one month before this case was
27          initiated.

28  . . .

1    Defendants Zou Dejun and Qiu Jianping recently sold two California
     houses to help fund the settlement of a related shareholder class
2    action in this court.  (Declaration of Robin Winchester ¶ 36.)
     Plaintiffs in this case believe that the home sales yielded in excess of
3    approximately $2.4 million.  (Id. ¶ 37.)  Plaintiffs have sought
     discovery regarding these assets and intend to seek to establish a
4    constructive trust over the $2.4 million.  (Id. ¶ 49.)

5    In the meantime, the Nevada Action has proceeded, and may soon
     settle.  The parties to the Nevada Action moved for preliminary
6    settlement approval in November 2012.  The parties here appear to
     agree that final approval of the proposed settlement in the Nevada
7    Action will extinguish Plaintiffs' claims in this case.

8    The court in the Nevada Action has yet to rule on the pending motion
     for preliminary approval.  Even if the court does preliminarily
9    approve the settlement, Plaintiffs here intend to object to the
     settlement in the Nevada Action at the final approval stage.

10

11       *Order (#103).*

12       Prior to the transfer of the action to this district, Plaintiffs filed a motion for expedited

13   discovery against Defendants to identify and locate funds derived from the sale of the homes owned

14   by Defendants Zou Dejun and Qiu Jianping.  *See Motion for Expedited Discovery (#84).*

15   Magistrate Judge Victor Kenton conducted a telephonic hearing on that motion on February 11,

16   2013.  Because Defendants Zou Dejun and Qiu Jianping had not yet been served in the action, the

17   motion applied only to Defendant RINO.  In granting the motion as to Defendant RINO, Magistrate

18   Judge Kenton stated as follows:

19       Rino opposes this discovery on various grounds: the asserted failure
         of Plaintiffs to comply with the Local Rules of this Court concerning
20       motion practice; that Plaintiffs have not demonstrated good cause for
         expedited discovery; that most of the Defendants from whom
21       Plaintiffs seek expedited discovery have never been served and are
         not under the Court's jurisdiction; and that Defendants are
22       prejudiced.  The Court finds no merit to the Opposition, and for the
         reasons set forth, intends to order the discovery.
23
         This case has been pending for an extended period of time.
24       Defendants do not dispute Plaintiffs' contention that various motions
         which they filed were voluntarily held in abeyance by them pending
25       the outcome of the mediation.  As to demonstrating good cause, the
         Court finds that the discovery sought is very limited, and is certainly
26       relevant to the action.  Plaintiffs further argue that there is a danger of
         dissipation of the remaining proceeds from the sale of the property.
27       Further Plaintiffs represent that the District Judge has approved a
         method of service of process on Defendants Dejun and Jianping.
28   . . .

                                        2

Plaintiffs indicate they will seek a constructive trust over any remaining proceeds from the sale of the property.

While Defendants raise a third objection, that certain Defendants have never been served, and while this is true at this time, nevertheless Rino does not dispute Plaintiffs' contention that the property which was assertedly owned individually by Defendants Dejun and Jianping was utilized to fund the class action settlement of which those Defendants were not a part.

Finally, Rino asserts that Plaintiffs have an improper purpose in seeking this discovery; to wit, as a means of funding attorneys' fees. The Court sees no need to consider such arguments, as they are speculative, and in any event, if Plaintiffs do (as they indicate in their moving papers) seek a constructive trust over any excess funds from the sale of the property, appropriate arguments can be made to and considered by the District Court at that time.  The Court sees no prejudice in approving the expedited discovery at this time, as it would appear to be clearly relevant and meets the "good cause" standard for expedited discovery.

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion and will require Rino to respond to the Proposed Interrogatories within fourteen (14) days of the date of this Order.

*Order (#95).*

RINO served its responses to Plaintiffs' Interrogatories as ordered by the court.[1] RINO responded to most of the interrogatories by stating that it "is without knowledge or information sufficient to form a belief as to the information requested in this Interrogatory beyond what is in the public record." *Motion (#100), Exhibit C.*  RINO did state in response to Interrogatory No. 3 that through its counsel, it received a wire transfer in the amount of $3,535,000 from counsel for Dejun Zou, which it believed represented a portion of the proceeds from the sale of Defendants Dejun's and Jianping's houses and which was thereafter transferred to fund the Class Action Settlement Fund. *Id.*  RINO did not provide information regarding the excess sales proceeds which is the focus of the Plaintiffs' proposed discovery requests.

Once service was effected against Defendants Dejun and Jianping, Plaintiffs filed their instant Motion for Expedited Discovery (#100) on March 11, 2013.  Defendants Dejun and

---

[1]The court did not require RINO to respond to the proposed requests for production of documents attached to Plaintiffs' first motion for expedited discovery.  The order did not discuss the requests for production or the reasons for not requiring RINO to respond to them.

3

1    Jianping make substantially the same arguments in opposition to Plaintiffs' motion for expedited

2    discovery that Defendant RINO made in opposing the first motion for expedited discovery. *See*

3    *Defendant RINO's Opposition to Motion for Expedited Discovery (#85).*  Defendants Dejun and

4    Jianping also argue that Plaintiffs failed to comply with the meet and confer requirements of Local

5    Rules 37-1 and 37-2.4 of the Central District of California and this District's Local Rule 26-7, both

6    of which require the party seeking discovery to meet and confer, or to attempt to meet and confer,

7    with the other party prior to filing a discovery motion.  These local rules supplement the

8    requirement in Fed.R.Civ.Pro. 37(a)(1) that a motion to compel discovery "must include a

9    certification that the movant has in good faith conferred or attempted to confer with the party or

10   person failing to make disclosure or discovery in an effort to obtain it without court action."

11        Plaintiffs' instant Motion for Expedited Discovery was filed one day before Judge

12   Pregerson ordered this case transferred to the District of Nevada.  Because the case was still

13   pending in the Central District of California when the motion was filed, it was technically governed

14   by the Local Rules of the Central District of California.  Plaintiffs argue that Local Rule 37-2 does

15   not apply to a motion for expedited discovery because the rule  "contemplates that an action is

16   already in the discovery phase, and that particular issues regarding discovery requests and

17   responses are in dispute. *See Reply (#111), pg. 8.*   This interpretation of the local rule is, at best,

18   dubious.  Local Rule 37-1 states that "[p]rior to filing any motion relating to discovery pursuant to

19   F.R.Civ.P. 26-37, counsel for the parties shall confer in a good faith effort to eliminate the

20   necessity for hearing the motion or to eliminate as many of the disputes as possible."  Local Rule

21   37-2 governs the form by which a discovery motion is to be presented to the court if the parties are

22   unable to resolve their differences.  A motion for expedited discovery falls under Rule 26(d)(1) of

23   the Federal Rules of Civil Procedure and is therefore a "motion relating to discovery pursuant to

24   F.R.Civ.P. 26-37" within the scope of Local Rule 37-1 of the Central District of California.  As a

25   matter of practicality, this Court sees no reason why a request for expedited discovery should not be

26   governed by rules that require the parties to meet and confer prior to filing discovery motions.

27        Plaintiffs' counsel states that prior to filing the first motion for expedited discovery on

28   January 22, 2013, she provided counsel for RINO and individual Defendants Dejun and Jianping

1   with copies of the proposed discovery requests and notified them of her intention to file the motion

2   for expedited discovery.  Plaintiffs' counsel requested that Defendants' counsel notify her regarding

3   whether they would consent to the motion.  Defendants Dejun and Jianping advised Plaintiffs'

4   counsel by letter on March 7, 2013 that they preferred to wait for a ruling on Defendant RINO's

5   motion to stay proceedings before engaging in a meet and confer conference regarding Plaintiffs'

6   request for expedited discovery.  Arguably, Plaintiffs' counsel should have informed Defendants'

7   counsel of her desire to meet and confer without waiting for a decision on the motion to stay.  The

8   Court concludes, however, that further efforts to meet and confer would not have resolved the

9   dispute.  As set forth above, Defendants Dejun and Jianping have made the same arguments in

10  opposition to the motion for expedited discovery that Defendant RINO unsuccessfully made to

11  Magistrate Judge Kenton.

12          This Court agrees with Magistrate Judge Kenton that the limited discovery sought by

13  Plaintiffs is relevant and that good cause exists to grant expedited discovery as it relates to

14  Plaintiffs' stated intention to seek a constructive trust over the excess funds.  Defendants are, of

15  course, free to oppose the imposition of a constructive trust.  Defendants will not be unduly

16  burdened, however, by being required to respond to this limited discovery.  Nor will they be

17  otherwise prejudiced thereby.  Accordingly,

18          **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Expedited Discovery (#100) as to

19  Defendants Dejun Zou and Jianping Qiu is **granted.**

20          **IT IS FURTHER ORDERED** that Defendants Dejun Zou and Jianping Qiu shall serve

21  their responses to Plaintiffs' Interrogatories and Requests for Production Documents (Exhibits D

22  and E to Plaintiffs' Motion) within fourteen days of the date of this order.

23          DATED this 17th day of April, 2013.

24

25  _____
    GEORGE FOLEY, JR.

26  United States Magistrate Judge

27

28