UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

IN RE RINO INTERNATIONAL
CORPORATION DERIVATIVE
LITIGATION

Case No. 2:10-cv-02209-MMD-GWF
Case No. 2:10-cv-02244-MMD-GWF

ORDER

(Cal. Plaintiffs' Motion for Leave to File Sur-Reply – dkt. no. 127;
Cal. Plaintiffs' Motion to Reassign and Coordinate – dkt. no. 135)

## I. SUMMARY

Before the Court are M. Aileen Morningstar and Alice Slettedahl's (collectively "California Plaintiffs") Motion for Leave to File Sur-Reply (dkt. no. 127) and Motion to Reassign and Coordinate Recently Transferred California Derivative Action (dkt. no. 135). These motions arise out of three shareholder derivative actions brought on behalf of RINO International Corporation ("RINO").

## II. MOTION FOR LEAVE TO FILE SUR-REPLY

California Plaintiffs bring their Motion for Leave to File a Sur-reply in support of their opposition to the Court's granting of a preliminary approval of the parties' derivative settlement. As the Court granted the Plaintiffs Andrew Nguyen and Robert Binnewies' (collectively "Nevada Plaintiffs") Motion to preliminarily approve the derivative settlement (*see* dkt. no. 139), California Plaintiffs' Motion is denied as moot.

### III.     MOTION TO REASSIGN AND COORDINATE

California Plaintiffs seek to reassign and coordinate the California Action, *Morningstar v. Jianping*, 2:13-cv-427-JCM-GWF (D. Nev. filed Mar. 13, 2013), with this action (herein referred to as the "Nevada Action"). They oppose consolidation.

Pursuant to Federal Rule of Civil Procedure 42(a), "[i]f actions before the court involve a common question of law or fact," the court may consolidate the actions. District courts are given wide latitude in exercising their discretion to grant or deny consolidation. *See In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987); *Walker v. Loop Fish & Oyster Co.*, 211 F.2d 777, 781 (5th Cir. 1954) (a "district judge has a wide discretion in regulating trial procedure"). Consolidation requires only a common question of law or fact; perfect identity between all claims in any two cases is not required, so long as there is some commonality of issues. To determine whether consolidation is warranted, the Court "weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." *Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989); *see also Waste Distillation Tech., Inc. v. Pan Am. Res., Inc.*, 775 F. Supp. 759, 761 (D. Del. 1991) ("The savings of time and effort gained through consolidation must be balanced against the inconvenience, delay or expense that might result from simultaneous disposition of the separate actions.").

The California Action was transferred from the Central District of California to this Court on March 13, 2013, and assigned before District Judge James C. Mahan. (*See* dkt. no. 13.) As both the California Action and the Nevada Action involve similar facts and similar allegations, reassignment to the same district judge is appropriate. However, judicial economy is not served by consolidating the actions. The Nevada Plaintiffs have entered into a preliminary settlement agreement with Defendants ─ an agreement which California Plaintiffs oppose. Although the issues are similar, the different procedural posture of the cases and the inevitable confusion and delay engendered by the plaintiffs' disputed settlement positions militates against consolidation. *See Arkansas Right to Life*

*State Political Action Committee v. Butler*, 972 F. Supp. 1187, 1193 (W.D. Ark. 1997) (denying consolidation in part based on different procedural postures); *Firefighters, Local 1908 v. Cnty. of Clark*, 2:12-cv-00615-MMD-VC, 2012 WL 1986590, at *3 (D. Nev. June 1, 2012) (same). While the Court's familiarity with the underlying facts at stake in both actions favors reassignment, consolidation is inappropriate.

## IV.  CONCLUSION

IT IS THEREFORE ORDERED that M. Aileen Morningstar and Alice Slettedahl's Motion for Leave to File Sur-Reply (dkt. no. 127) is DENIED as moot.

IT IS FURTHER ORDERED that Morningstar and Slettedahl's Motion to Reassign and Coordinate Recently Transferred California Derivative Action (dkt. no. 135) is GRANTED. Good cause appears to reassign *Morningstar v. Jianping*, 2:13-cv-00427-JCM-GWF (D. Nev. filed Mar. 13, 2013), to the undersigned. The Clerk is instructed to effectuate this reassignment.

DATED THIS 3rd day of May 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE